UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HENRY YOUNG,  )<br>                              )<br>          Petitioner,        )<br>                              )<br>     v.                       )<br>                              )<br>                              )<br>RODERICK HICKMAN, et al.,     )<br>                              )<br>          Respondent.         )<br>_____) | 1:06-cv-00042-LJO-TAG HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 14)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER GRANTING RESPONDENT'S MOTION TO SUBSTITUTE RESPONDENT<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE AS RESPONDENT THE NAME OF JAMES TILTON |

PROCEDURAL HISTORY

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed in the Sacramento Division of the United States District Court for the Eastern District of California on December 15, 2005 and transferred to the Court's Fresno Division on January 12, 2006. (Docs. 1, 5, 6).

DISCUSSION

A. Procedural Grounds for Motion to Dismiss

    On April 26, 2007, Respondent has filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). (Doc. 14). Rule
///

4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on December 15, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was sentenced on July 18, 2003. (Lodged Document ("LD") 1). Petitioner did not file an appeal.[1] Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty days in which to file a notice of appeal. Rule 31(a), Cal.R.Ct.; People v. Mendez, 81 Cal.Rptr.2d 301, 302, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999). Because Petitioner did not file a notice of appeal, his direct review concluded on September 18, 2003, when the sixty-day period for filing a notice of appeal expired. Thus, Petitioner had one year until September 18, 2004, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

  The instant petition was filed on December 15, 2005, 820 days after the one-year statute had commenced. Subtracting the 365 days provided for by the AEDPA within which to file a federal petition, the instant petition was late by 455 days. Thus, unless Petitioner can establish his entitlement to equitable or statutory tolling for that entire period of time, the petition is untimely and must be dismissed.

///

---

[1] Petitioner attempted to submit a notice of appeal to the Stanislaus County Superior Court on February 18, 2004. (LD 2). However, on February 24, 2004, the superior court notified Petitioner that it would not file the notice of appeal because the time to appeal had expired. (LD 3). Since no notice of appeal was properly filed, no appeal was undertaken. Put another way, Petitioner's notice of appeal never took effect and had no legal significance.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001).

Respondent has lodged documents with the Court to establish the chronology of filings submitted by Petitioner to the state courts subsequent to his conviction.  They establish that Petitioner made the following filings: (1) February 18, 2004 Notice of Appeal (denied February 24, 2004)(LD 2, 3); (2) August 23, 2004 habeas petition in the Stanislaus County Superior Court (denied September 2, 2004)(LD 4, 5); (3) December 14, 2004 habeas petition in the Stanislaus County Superior Court (denied December 28, 2004)(LD 6, 7); (4) January 10, 2005 habeas petition in the California Court of Appeal, Fifth Appellate District ("5th DCA")(denied January 13, 2005)(LD 8, 9); (5) February 3, 2005 habeas petition in the California Supreme Court (denied December 21, 2005)(LD 10, 11); (6) February 4, 2005 petition in the 5th DCA (denied February 10, 2005)(LD 12, / 13); (7) February 7, 2005 petition in the California Supreme Court (denied December 21, 2005)(LD

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2.  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

4

14, 15).

Assuming, without deciding, that all of these actions were "properly filed" within the meaning of the AEDPA such that they would entitle Petitioner to statutory tolling during the period of their pendency, Petitioner would be entitled to, at most, 404 days of statutory tolling.[1] As mentioned, the petition was more than 450 days late. Even if Petitioner is entitled to the full 404 days of statutory tolling, the petition is nevertheless untimely.

Petitioner is <u>not</u> entitled to statutory tolling for the period between the denial of his tardy petition for review on February 24, 2004 and his first state habeas petition on August 23, 2004. Nor is he entitled to tolling between the denial of his first petition on September 2, 2004, and the filing of his second petition on December 14, 2004. Respondent correctly contends that, although a petitioner is normally entitled to tolling for the intervals between the disposition of a state habeas petition and the filing of a subsequent collateral action at the next appellate level, <u>Nino v. Galaza</u>, 183 F.3d at 1006-1007; <u>Carey v. Saffold</u>, 536 U.S. 214, 219-220, 122 S.Ct. 2134 (2002), he is not entitled to tolling during intervals between successive petitions in the same court. <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1061 (C.D. Cal. 2001) (no tolling between successive superior court petitions); <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001)(no tolling for interval between successive petitions). Here, each of those first three filings were presented to the Superior Court for the County of Stanislaus, not at the next appellate level. Accordingly, Petitioner is not entitled to tolling during those intervals.

Additionally, as Respondent correctly argues, the time period between those filings was excessive and thus tolling for those intervals is not warranted. In <u>Evans v. Chavis</u>, 546 U.S. 189, 126 S.Ct. 846 (2006), the United States Supreme Court held that a California state prisoner was not entitled to statutory tolling under the AEDPA where there was an unjustifiable six month delay between petitions in the California Supreme Court. The Supreme Court, while recognizing that

---

[1] Assuming, without deciding, that nos. 3, 4, 5, 6, and 7 entitle Petitioner to tolling during not only the pendency of those petitions but also during the interims between filings, the total days from the filing of no. 3 on December 7, 2004 until the denial of no. 7 on December 21, 2005 was 379 days. Petitioner is also entitled to 7 days for the pendency of no. 1 and 18 days for the pendency of no. 2, for a total of 404 days. This is the maximum number of days to which Petitioner could possibly be entitled. Since the total is insufficient to entirely toll the 455 days required to make the petition timely, the Court need not rule on whether all of those petitions were "properly filed" under the AEDPA or whether Petitioner is truly entitled to toll the periods between those filings.

5

California did not have strict time lines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. Here, the delay between the denial of the notice of appeal on February 21, 2004, and the filing of his first habeas petition on August 16, 2004 was 177 days, or almost six months. The interval between the denial of his first habeas petition on September 2, 2004, and the filing of his second petition on December 7, 2004, was 95 days, or over three months. Under the implicit guidelines in Evans, which also requires the district court to conduct its own independent inquiry into the timeliness of state petitions, 546 U.S. at 198,[2] these two intervals were unreasonable and therefore are not entitled to tolling. Id. at 201; Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007)(88 day delay unreasonable). .

      The combination of these two lapses in tolling, which total 272 days, added to Petitioner's delay between the commencement of the one-year period and the filing of his late notice of appeal, are, essentially, fatal to the instant petition, regardless of whether the later-filed state petitions are entitled to tolling or not.

      Respondent suggests an alternative analysis for determining that the instant petition was late, with which the Court also agrees. Respondent correctly contends that the original ill-fated notice of appeal was not "properly filed" under the AEDPA, and thus not entitled to statutory tolling. Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361 (2000). A state petition is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it has been denied for failure to comply with "a condition to filing, as opposed to a condition to obtaining relief." Bennett, 531 U.S. at 11. Because the original notice of appeal was rejected by the superior court as untimely, it was not "properly filed" and therefore did not entitled Petitioner to any statutory tolling. Id. Thus, when Petitioner filed his first habeas petition on August 16, 2004, 333 days had already expired of the one-year limitations period since the period commenced to run on September 17, 2003.

---

[2] In Evans, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within "a reasonable time." 546 U.S. at 189.

6

1    Respondent concedes that this second filing was "properly filed." (Doc. 14, p. 5). However, following its denial on September 2, 2004, Petitioner waited until December 7, 2004, or 95 more days, to file his next petition. As discussed above, because of that excessive delay, Petitioner is not entitled to tolling for that interval. Thus, as Respondent correctly points out, when the limitations period resumed on September 3, 2004, 333 days had already expired on the one-year period. Thirty-two days later, on October 2, 2004, the one-year period expired.

Although Petitioner filed numerous state petitions after that date, he is not entitled to tolling for petitions filed after the limitations period has expired. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Accordingly, under either analysis, the petition is untimely under the AEDPA and must be dismissed unless Petitioner can establish entitlement to equitable tolling.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Although Petitioner does not expressly allege equitable tolling, his explanations for why the petition was untimely filed implicitly raise certain allegations of equitable tolling. First, Petitioner contends that, at the time he filed the late notice of appeal, he was take "strong physchotropic [sic] medications." (Doc. 16, p. 2). He also contends that he had "mental health issues" and "mental impairment," that he did not have adequate access to the prison law library, and that therefore the late filing is not his fault. (Id. at pp. 4-5). Petitioner also implies that because he is a pro se inmate, rather than a lawyer, dismissing the petition would be unjust. (Id.).

///

None of these implicit claims would entitle Petitioner to equitable tolling.  First, Petitioner's claim of ignorance of the law is insufficient to justify equitable tolling.  See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  Such circumstances are not extraordinary and do not justify equitable tolling.  If limited resources and legal knowledge were an excuse for not complying with the limitations period, the enactment of the AEDPA would have been futile since most incarcerated prisoners have these same problems.  Thus, the limitations period will not be equitably tolled.

Nor do limitations on the availability of the prison law library constitute extraordinary circumstances warranting equitable tolling in this case.  See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D. Cal. January 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D. Cal. November 3, 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Petitioner's claim of mental illness  is likewise  insufficient to equitably toll the limitations period.  Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996); see also, Nunnally v. MacCausland, 996 F.2d 1, 6 (1st Cir.1993); United States v. Page, 1999 WL 1044829, at *1-2 (N.D. Ill. November 16,

1999); Decrosta v. Runyon, 1993 WL 117583, at *2-3 (N.D. N.Y. April 14, 1993); Speiser v. United States Dept. of Health & Human Services, 670 F.Supp. 380, 384 (D.D.C.1986); cf. Accardi v. United States, 435 F.2d 1239, 1241 n. 2 (3d Cir.1970) ("Insanity does not prevent a federal statute of limitations from running."); Boos v. Runyon, 201 F.3d 178, 184 (2nd Cir.2000) ("The question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is ... highly case-specific."). Even assuming the correctness of such an approach, Petitioner has not made the requisite showing.

Petitioner has simply alleged that he has a mental impairment. He has not presented any other evidence, such as medical documentation, hospital records, prescriptions, or declarations from physicians or psychiatrists who have treated him, to support such an allegation. Therefore, the mere allegation that Petitioner is mentally ill, without more, does not establish that Petitioner was incapable of preparing and filing a federal habeas petition between September 17, 2003, and September 16, 2004. See Runyon, 77 F.3d at 192 ("Most mental illnesses today are treatable by drugs that restore the patient to at least a reasonable approximation of normal mentation and behavior. When his illness is controlled he can work and attend to his affairs, including the pursuit of any legal remedies that he may have.").

Thus, equitable tolling of the statute of limitations is not warranted. Since no additional grounds for either statutory or equitable tolling are present, the Court concludes that the instant petition is untimely, that Respondent's motion to dismiss should be granted, and that the petition should be dismissed.[3]

ORDER

The Court HEREBY ORDERS as follows:

1. Respondent's motion to substitute the current Director of the California Department of Corrections and Rehabilitation, James Tilton, for the former Director, Roderick Hickman, is GRANTED; and

///

---

[3] Respondent has also moved to amend the caption to substitute James Tilton for the original Respondent due to the fact that Mr. Tilton, not Roderick Hickman, is now the Director of the California Department of Corrections and Rehabilitation. (Doc. 14, p. 1, fn. 1). Good cause appearing for this motion, the Court will grant the motion.

2. The Clerk of the Court is DIRECTED to substitute the name of James Tilton for Roderick Hickman as Respondent in this action.

### **RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 14), be GRANTED and the habeas corpus petition (Doc. 1), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitations period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 7, 2008**                         /s/ **Theresa A. Goldner**
                                        UNITED STATES MAGISTRATE JUDGE